**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHVINDER SINGH PELIA, | No. 07-71612 |
| Petitioner, | Agency No.　　A096-133-339 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:　　CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

　　Sukhvinder Singh Pelia, a native and citizen of India, petitions for review of

a Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the testimony of Boota Singh Basi that the application he prepared for Pelia contained a fabricated claim of persecution and based on the IJ's observations of Pelia's demeanor. *See Fernandes v. Holder*, 619 F.3d 1069, 1075 (9th Cir. 2010) (Basi was not a biased witness because he was under no obligation to cooperate); *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (special deference given to IJ's demeanor finding). We reject Pelia's contention that the IJ failed to analyze the credibility and reliability of the affidavits and letters he submitted in support of his application. *See Kin v. Holder*, 595 F.3d 1050, 1058 (9th Cir. 2010) (it is appropriate for an IJ to examine conflicting evidence and determine the truth); *Almaghzar v. Gonzales*, 457 F.3d 915, 921-22 (9th Cir. 2006) (the IJ does not need to comment specifically on all the evidence). In the absence of credible testimony, Pelia's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Because Pelia's CAT claim is based on the testimony the agency found not credible, and he points to no evidence showing it is more likely than not he will be tortured if returned to India, his CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**